IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| KEONI JAENTSCH, #A1019833, | ) NO. 1:19 cv 00042 SOM RLP |
|---|---|
| Plaintiff, | ) |
| | ) ORDER FOR CLARIFICATION |
| vs. | ) |
| | ) |
| RAQUEL TAGUCHI, YUMI SUZUKI, | ) |
| | ) |
| Defendants, | ) |

Before the court is pro se Plaintiff Keoni Jaentsch's pleading, which was received from the District Court of the First Circuit, State of Hawaii on January 23, 2019. Because Jaentsch's pleading is on a Hawaii District Court "Complaint (Personal Injury/Property Damage)" form, but included a federal Civil Cover Sheet (JS 44) with his Complaint, it remains unclear in which court Jaentsch intended to open a new case.

Jaentsch is ORDERED to clarify his intent in writing on or before February 19, 2019, in light of the discussion below.

## I. BACKGROUND[1]

### A. *Jaentsch v. Puha, et al.*, No. 1:18-cv-00073 HG-KSC

On February 26, 2018, Jaentsch filed *Jaentsch v. Puha*, No. 1:18 cv 00073 HG KSC (D. Haw. 2018) in this court, while he was incarcerated by the State of Hawaii at the Oahu Community Correctional Center (OCCC).

On March 9, 2018, Jaentsch was released from state custody. *See State v. Jaentsh*, Cr. No. 16 1 0066 (Haw. 1st Cir.); http://www.courts.state.hi.us/ (1FC1610000066).

On March 23, 2018, this federal district court dismissed the Complaint in part, with leave granted to amend. OCCC, the state prison facility, thereafter returned the March 23, 2018 Order as undeliverable due to Jaentsch's release.

On April 30, 2018, Jaentsch filed a notice of change of address indicating that he had been released,

---

[1]The court takes judicial notice of Jaentsch's other civil cases filed in this court and his criminal proceedings in the Hawaii state courts. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (holding a court "'may take notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue'").

and the Clerk resent the March 23, 2018 Order to Jaentsch's new address of record.

On May 17, 2018, Jaentsch filed an Amended Complaint and another notice of change of address, indicating that he was still out of custody.

On June 1, 2018, this court dismissed the Amended Complaint in part and directed the Clerk to send Jaentsch service documents so that he could effect service on Defendants Taguchi and Suzuki. The Clerk issued the summonses and sent them with waivers of service of summons documents to Jaentsch's address of record on June 7, 2018.

On September 21, 2018, after more than ninety days had passed, this court issued an Order directing Jaentsch to show proof of service on or before October 10, 2018, or risk dismissal of the case.

On October 15, 2018, after Jaentsch failed to respond or provide proof of service, this court dismissed the action.

On December 6, 2018, Jaentsch filed a notice of change of address indicating that he was in State of

Hawaii custody at the Halawa Correctional Facility (HCF). On December 26, 2018, he acknowledged that he had failed to provide proof of service within 90 days of the Service Order and moved to serve the defendants.

On January 3, 2019, this court denied Jaentsch's motion, finding that he failed to show cause for his failure to serve or respond to the court's orders, beyond his own lack of diligence.

**B.** *Jaentsch v. Puha*, **No. 1:19-cv-00034 JAO-KJM**

On January 17, 2019, this court received another prisoner civil rights Complaint from Jaentsch. Jaentsch signed this Complaint on January 7 but it was not mailed from the prison until January 15, 2019. Although it was labeled a "Second Amended Complaint," Jaentsch did not add the dismissed case's civil number. *See* No. 1:19 cv 00034, Compl., ECF No. 1. Because No. 1:18 cv 00073 had been closed in October, and the court had denied Jaentsch's motion to reopen and serve Defendants, the Clerk opened a new case in this court, No. 1:19 cv 00034 JAO KJM. The Clerk then sent Jaentsch a Deficiency Order directing him to submit the

4

civil filing fee or an in forma pauperis application. The Complaint names the same Defendants named in No. 1:18 cv 00073, and alleges nearly identical claims against them.

**C.** *Jaentsch v. Taguchi*, **No. 1:19-cv-00042 SOM-RLP**

On January 22, 2019, the court received the pleadings herein and opened yet another case, No. 1:19 cv 00042 SOM RLP. As noted, the Complaint is on a State of Hawaii personal injury civil complaint form, and is accompanied by a federal district court Civil Cover Sheet. Jaentsch signed this pleading on January 16, 2019, and mailed it to the Hawaii District Court Of The First Circuit, Kauikeaouli Hale. That state court mailed these documents to this court on January 18, 2018, presumably because of the federal Civil Cover Sheet.

On the Civil Cover Sheet that accompanies the Complaint, Jaentsch checked: 360 Other Personal Injury; 380 Other Personal Property Damage; 443 Housing/ Accommodations; 444 Welfare; 440 Other Civil Rights; and 550 Civil Rights as his "Nature of Suit." ECF No.

1 1. He alleges "Violation of the fourth amendment," states "Entered my property and home while I was incarcerated" as his "Cause of Action," and refers to No. 1:18 cv 00073 as a related case. *Id.* Jaentsch provides no other details or statement of facts.

## II. DISCUSSION

Based on the foregoing, it is unclear whether Jaentsch intended to open a *third* suit in this federal court based on his allegations against Raquel Taguchi and Yumi Suzuki, or whether he intended to file a personal injury suit against them in state court.

*If* Jaentsch intended to open a third federal action, he is notified that, as a prisoner, his pleadings are subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), and may be subject to dismissal in full or in part under those sections of the statute. Further, as a prisoner, Jaentsch is required to pay the full filing fee in all three actions, regardless of whether these cases are closed or are later dismissed. *See* 28 U.S.C. § 1915(b)(1).

Finally, if Jaentsch accrues three or more dismissals under §§ 1915(e)(2) or 1915A(a), he may be barred from proceeding in forma pauperis in later suits in federal court. *See* 28 U.S.C. § 1915(g). Jaentsch should read these provisions before he responds.

### III. CONCLUSION

Jaentsch is ORDERED to clarify his intent in sending the pleadings in this action to the Hawaii District Court with a federal Civil Cover Sheet, in writing on or before February 19, 2019.

*If* Jaentsch intended to open a personal injury suit in the Hawaii District Court, the court will dismiss this action and vacate the Deficiency Order.

Jaentsch may have intended to commence another federal prisoner civil rights action to proceed concurrently with No. 1:19 cv 00034. If so, his new federal law suit will be subject to full payment of the filing fee regardless of indigency, and will be screened under 28 U.S.C. §§ 1915(e)(2) and 1915A(a). IF so, he must also clarify this in writing by the

7

above deadline, in which event this federal action will proceed.

IT IS SO ORDERED.

DATED: January 29, 2019.



 /s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

*Jaentsch v. Taguchi, et al.*, No. 1:19-cv-00042 SOM-RLP; Nondisp Ord '19 (Ord to clarify); J:\PSA Draft Ords\SOM\Jaentsch 19-42 som (Ord to clarify).wpd